

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00243-CR

JUSLET JOSEPH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 71,461-B, Honorable John B. Board, Presiding

October 4, 2018

## OPINION ON DISMISSAL

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Juslet Joseph was convicted of assault on a family/household member with a previous conviction and sentenced to six years in prison. No fine was assessed. The trial court's certification of appellant's right of appeal reflects that appellant's conviction and sentence arose from a plea bargain wherein he waived his right to appeal; thus, according to the trial court's certification, appellant had no right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). Notwithstanding the certification, appellant was granted and out-of-time appeal from the Court of Criminal

Appeals once the deadline to perfect an appeal had lapsed.  So too was he appointed counsel, who has since filed an *Ander's*[1] brief and moved to withdraw.

In *Joseph,* the Court of Criminal Appeals found that appellant's "retained appellate counsel abandoned the appeal without formal notice to" appellant, which resulted in appellant being denied the effective assistance of counsel.  *Ex parte Joseph*, No. WR-87,258-01, 2018 Tex. Crim. App. Unpub. 360, at *1-2 (Tex. Crim. App. May 9, 2018) (per curiam) (not designated for publication).  It then "ordered [appellant be] returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal." *Id.* at *2.  We find nothing in the opinion addressing the aforementioned certification of right to appeal, though a dissent mentioned that appellant had waived his right to appeal.  Nor did our reading of the opinion uncover anything expressly relieving appellant of having to obtain a certification of right to appeal that actually allowed him to appeal.  Again, the court merely returned appellant to a time allowing him to perfect an appeal, if he so chose to file a notice of appeal.

Simply put, the circumstances at bar leave us somewhat perplexed given the opinion in *Joseph,* applicable rules of appellate procedure, and other binding precedent from the Court of Criminal Appeals.  For instance, Rule 25.2(d) of the Texas Rules of Appellate Procedure mandate that an appeal "must be dismissed if a certification that shows the defendant has the right to appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).  That an intermediate appellate court must dismiss the appeal in absence of a valid certification of right permitting an appeal was made clear in *Jones v. State*, 488 S.W.3d 801 (Tex. Crim. App. 2006).

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

In *Jones*, the court addressed a situation like ours where the appellant had waived his right to appeal and the trial court had executed a certification indicating that because of the waiver he had no right to appeal. Rule 25.2(d) mandating dismissal was mentioned along with a discussion about verifying the accuracy of the certification executed by the trial court. The Court of Criminal Appeals not only reiterated that a certification contrary to the record is defective but also that an intermediate appellate court has the obligation to assess whether the certification is defective. *Id.* at 804-05. Then, it turned to discussing when a certification is defective due to the appellant having waived his right to appeal as part of a plea bargain. Because the waiver was found to be valid in *Jones*, the intermediate appellate court's decision to dismiss the appeal due to the absence of a Rule 25.2 certification permitting appeal was affirmed. As the court said, "[b]ecause the certification of the right to appeal in this record was not defective, the court of appeals properly dismissed appellant's appeal for want of jurisdiction based on appellant's valid waiver of the right of appeal pursuant to his plea agreement with the State." *Id.* at 808.

Here, the record reveals that appellant waived his right to appeal as part of the plea bargain and the sentence ultimately imposed by the trial court comported with the range of punishment recommended by the State. In such situations, the waiver is deemed valid. *See Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000) (stating "[w]e agree that the considerations that led to our decisions in pretrial-waiver-of-the-right-to-appeal cases such as [*Ex parte*] *Townsend* [, 538 S.W.2d 419 (Tex. Cr. App. 1976)] are less compelling in cases like this at least where the trial court follows the prosecution's sentencing recommendation" and "[t]here is no valid or compelling reason why appellant should not be held to his bargain" in such a situation); *Reyes v. State*, No. 07-03-00460-CR, 2005 Tex. App. LEXIS 5408, at *2-3 (Tex. App.—Amarillo July 11, 2005, no pet.) (not

designated for publication) (citing *Blanco* and holding that "a defendant may legitimately waive his right to appeal when the defendant knows of the potential sentence to be assessed before executing the waiver"); *see also Carson v. State,* ___ S.W.3d ___, 2018 Tex. Crim. App. LEXIS 905, at *8 (Tex. Crim. App. Sept. 19, 2018) (acknowledging the continued validity of *Blanco*). So too does the record indicate that appellant was properly admonished about the charges levied against him and the consequences of entering a guilty plea. The trial court also asked if he understood the plea papers he executed and the rights he relinquished by executing them. Appellant answered in the affirmative. Thus, his plea and agreement to waive both constitutional and procedural rights was knowingly, voluntarily and intelligently made, and no one suggests otherwise.

So, do we dismiss a case which we normally would be obligated to dismiss, or do we read the opinion in *Ex Parte Joseph* as somehow relieving us from abiding by Rule 25.2(d). We choose the former because 1) of the clear edict in Rule 25.2(d) and holding in *Blanco*, 2) the failure of the court in *Joseph* to mention either Rule 25.2(d) or *Blanco*, 3) the failure of the court in *Joseph* to even mention the certification executed by the trial court denying appellant the right to appeal, 4) appellant's failure to secure an amended Rule 25.2 certification authorizing an appeal despite our affording him leave to do so, and 5) the validity of the trial court's Rule 25.2 certification denying appellant the right to appeal. Accordingly, the appeal is dismissed, and appellate counsel's Motion to Withdraw is denied as moot. *See* TEX. R. APP. P. 25.2(d).

Brian Quinn
Chief Justice

Do not publish.

4